UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMONTE E. COOK,<br><br>    Petitioner,<br><br>v.<br><br>TAMMY FOSS,<br><br>    Respondent. | Case No. 20-cv-01119-HSG<br><br>**ORDER OF SERVICE; DENYING REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>Re: Dkt. No. 7 |

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Contra Costa County Superior Court. Dkt. No. 1 at 1. His request to proceed *in forma pauperis* is DENIED as moot. Dkt. No. 7. Petitioner has paid the filing fee. Dkt. No. 6.

## BACKGROUND

On December 17, 2014, petitioner was convicted by a Contra Costa County jury of first and second degree murder and shooting at an unoccupied vehicle. The jury also found true an enhancement for personal use of a firearm. Dkt. No. 1 at 1. On February 20, 2015, petitioner was sentenced to 90 years to life. Dkt. No. 1 at 2.

Petitioner appealed and the appellate court affirmed the conviction but remanded the matter to the trial court for the limited purpose of determining whether petitioner had been afforded a *Franklin* hearing. Dkt. No. 1 at 2. On January 25, 2017, the California Supreme Court denied the petition for review. Dkt. No. 1 at 2. In April 2018, petitioner filed a habeas petition in the Contra Costa County Superior Court, raising the claims set forth in the instant petition. Dkt. No. 1 at 3. On May 21, 2018, the Contra Costa County Superior Court denied the state habeas petition. Dkt. No. 1 at 7. Approximately sixty days later, petitioner filed the same habeas petition

in the California Court of Appeal. Dkt. No. 1 at 4. On January 14, 2019, the California Court of Appeal denied the state habeas petition. Dkt. No. 1 at 8. Approximately sixty days later, petitioner filed the same habeas petition in the California Supreme Court, which was denied. Dkt. No. 1 at 5.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Claims

Petitioner alleges the following grounds for federal habeas relief: (1) the trial court erred by not discharging a juror that was biased or, in the alternative, by not conducting an adequate inquiry into the juror's expressed fear of retaliation; (2) the police engaged in misconduct; (3) the prosecutor engaged in misconduct by presenting false and misleading evidence as true, by knowingly presenting perjured testimony, and by using leading questions to encourage witnesses to lie; (4) the trial court erred in allowing evidence of eyewitness identification by two witnesses; (5) the conviction was based upon false evidence or evidence procured through misconduct or fraud; (6) ineffective assistance of appellate counsel for failure to raise claims two through five on direct appeal; and (7) cumulative error. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.[1] *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir.

---

[1] It appears that this petition may be barred by the one-year statute of limitations set forth in the Anti-Terrorism and Death Penalty Act ("AEDPA"). *See* 28 U.S.C. 2244(d). According to the petition, the California Supreme Court denied review on January 25, 2017. Dkt. No. 1 at 2. The state habeas petition was filed over a year after the conviction in April 2018, and the instant petition was placed in the mail on February 3, 2020. Dkt. No. 1 at 3.

2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed *in forma pauperis* is DENIED as moot. Dkt. No. 7.

2. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California at Dkt. No. 1. The Clerk shall serve by mail a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30) days** of the date the answer is filed.

4. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.

1997) (Rule 41(b) applicable in habeas cases).

      6.     Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. No. 7.

**IT IS SO ORDERED.**

Dated: 4/29/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge